UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JACQUELINE OBERLIN,

          Plaintiff,

          v.                                      Case No. 3:14-cv-2101-JVB-CAN

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security Administration,

          Defendant.

**OPINION AND ORDER**

      Plaintiff Jacqueline Oberlin seeks judicial review of the Defendant's decision to deny her Disability Insurance and Social Security Income benefits. She asks this Court reverse the agency's decision or, alternatively, remand the case to the agency for reconsideration. For the reasons discussed below, the Commissioner's decision is remanded.

**A.**     **Overview of the Case**

      Plaintiff claims she became disabled on March 15, 2011, due to back pain, fatigue, and numbness in her hands. (R. at 14–16.) Administrative Law Judge David R. Bruce denied Plaintiff's application for benefits. While the ALJ agrees Plaintiff's degenerative disc disease and obesity constitutes a severe impairment, he found that it does not meet or equal a Listing found in the federal regulations. (R. at 15.) Moreover, the ALJ concluded Plaintiff is able to perform a significant number of jobs that exist in the national economy. (R. at 18-19.) The ALJ's decision became final when the Social

Security Appeals Council denied Plaintiff's request to review it. The Court addresses the other relevant facts in its analysis below.

**B.      Standard of Review**

This Court has the authority to review Social Security Act claim decisions under 42 U.S.C. § 405(g). The Court will uphold an ALJ's decision if it is reached under the correct legal standard and supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This Court will not reconsider facts, re-weigh the evidence, resolve conflicts in the evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005). This Court will, however, ensure that the ALJ built an "accurate and logical bridge from the evidence to his conclusion so that, as a reviewing court, we may access the validity of the agency's ultimate findings and afford a claimant meaningful judicial review." *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002).

**C.      Disability Standard**

To qualify for disability benefits, the claimant must establish that he suffers from a disability. A disability is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The SSA established a

five-step inquiry to evaluate whether a claimant qualifies for disability benefits. A successful claimant must show:

> (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy.

*Scheck v. Barnhart*, 357 F.3d 697, 699–700 (7th Cir. 2004).

An affirmative answer leads either to the next step or, on steps three and five, to a finding that the claimant is disabled. *Zurawski v. Halter*, 245 F.3d 881, 886 (7th Cir. 2001). A negative answer at any point other than step three stops the inquiry and leads to a finding that the claimant is not disabled. *Id.* The burden of proof lies with the claimant at every step except the fifth, where it shifts to the Commissioner. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

### D.     Analysis

On appeal, Plaintiff contends the ALJ erred in three aspects: (1) the ALJ did not obtain an independent State Agency medical expert opinion for determining whether Plaintiff's impairments equaled the criteria of Listing 1.04; (2) ALJ improperly discounted the opinion of the treating physician; (3) ALJ improperly discounted Plaintiff's credibility.

### (1) *The ALJ failed to obtain an expert medical opinion for determining whether Plaintiff's impairments equals a Listing*

A claimant is eligible for benefits if they have an impairment that meets or equals an impairment found in the Listing of Impairments. 20 C.F.R. § 404.1520(d); 20 C.F.R.

3

Pt. 404, Subt. P, Appl. 1. The listings specify the criteria of impairments considered presumptively disabling. 20 C.F.R. § 404.1525(a).

An impairment is "medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a). An impairment will be found medically equivalent to a listing even if the claimant "did not exhibit one or more findings specified in a particular listing, or "exhibited all of the findings, but one or more of the findings is not as severe as specified in a particular listing." 20 C.F.R. § 404.1526(b)(i).

A finding of medical equivalence is determined by all the evidence in the case record excluding factors such as age, education, and work experience. 20 C.F.R. § 404.1526(c). "A finding of medical equivalence requires an expert's opinion on the issue." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015). Social Security Ruling 96-5p clarifies the requirements as follows:

> In 20 CFR 404.1526 and 416.926, equivalence is addressed as a "decision on medical evidence only" because this finding does not consider the vocational factors of age, education, and work experience. A finding of equivalence involves more than findings about the nature and severity of medical impairments. It also requires a judgment that the medical findings equal a level of severity set forth in 20 CFR 404.1525(a) and 416.925(a); i.e., that the impairment(s) is "severe enough to prevent a person from doing any gainful activity." This finding requires familiarity with the regulations and the legal standard of severity set forth in 20 CFR 404.1525(a), 404.1526, 416.925(a), and 416.926. Therefore, it is an issue reserved to the Commissioner.

S.S.R. 96-5p at 4.

Further, Social Security Ruling 99-6p also states the following:

> "[l]ongstanding policy *requires* that the judgment of a physician (or psychologist) designated by the Commissioner on the issue of equivalence on the evidence before the administrative law judge or Appeals Council must be received into the record as expert opinion evidence and given appropriate weight."

S.S.R. 96-6p at 3.

As a result, an ALJ is required to obtain a state agency medical opinion when determining whether a claimant's impairments in combination were medically equivalent to a listed impairment. 42 U.S.C. § 423(d)(2); S.S.R. 96-5p; S.S.R. 96-6P. However, an ALJ is only required to obtain a signature of a state agency medical or psychological consultant on a Disability Determination and Transmittal form at the initial and reconsideration levels. *Id.*

The Seventh Circuit recently considered a similar issue in remanding an ALJ's decision to deny benefits. In *Barnett v. Barnhart*, the Indiana Department of Family and Social Services consulted the opinion of three State agency physicians regarding an application for disability benefits. *Barnett v. Barnhart*, 381 F.3d 664, 667 (7th Cir. 2004). The three physicians either examined the Plaintiff, reviewed medical findings, or filled out a Residual Functional Capacity Report. *Id*. at 667. However, none of the three State agency physicians were consulted on the issue of medical equivalency, nor could a form "that would otherwise satisfy the ALJ's duty to consider an expert's opinion on medical equivalence" be located. *Id*. at 670−671.

The Court of Appeals concluded the ALJ failed to adequately discuss in his opinion whether the Plaintiff's impairments met or equaled a Listing. *Id*. at 670. The

Court based the decision on the ALJ's "perfunctory discussion of the listing" because the ALJ failed to compare the Plaintiff's impairments with requirements of the applicable listing. *Id*. at 670 ("All that the ALJ ever said is that he believed Barnett' testimony concerning the number of seizures she was experiencing . . . [W]e cannot discern if the ALJ ever considered whether Barnett's impairments equals Listing 11.03 despite her assumed lack of credibility."). Ultimately, these two errors factored into the Court of Appeals decision to remand. *Id*. at 670−671.

Similar to the facts in *Barnett*, it is not discernable whether the ALJ considered the opinion of a State agency medical or psychological consultant in determining whether Plaintiff's impairment equals Listing 1.04. In his opinion the ALJ stated "[b]ecause the record does not contain any State agency medical opinions, SSR 96-6p does not apply." (R. at 18.) In concluding Plaintiff's impairment did not meet or equal a Listing the ALJ stated the following:

> Based on comparison of the objective medical evidence and the requirements of the applicable listings, and in particular the musculoskeletal listings (1.04), I find the claimant does not have an impairment that meets or equals one of the listing impairments. Moreover, no treating or examining physician has indicated findings that would satisfy any listing impairment.

(R. at 15.)

Although the ALJ was not required to discuss a State agency medical opinion in depth, this does not mean the record can be completely devoid of an expert medical opinion regarding whether Plaintiff's impairments equaled a Listing.

While the State agency psychological consultant assessed Plaintiff's residual functional capacity, an RFC assessment is different than a medical equivalency determination. (R. at 18.) Further, the record is devoid of any discussion on the issue of

6

medical equivalence by either Plaintiff's primary care physician, any State agency medical or psychological consultants, or any physician at all. (R. at 17–18.) At a minimum, the ALJ had a duty show an expert considered the issue of medical equivalence.

As a result, the ALJ erred by not relying on substantial evidence regarding the issue of medical equivalence, and for the reasons discussed above, the ALJ's decision is remanded.

SO ORDERED on March 30, 2016.

S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE